UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

INTEGRITIY EXPRESS LOGISTICS,

       Plaintiff,                       Case No. 1:11-cv-00789

vs.                                Spiegal, J.
                                   Bowman, M.J.

EAC TRUCKING, INC.,

       Defendant.                  **MEMORANDUM ORDER**

This civil action is before the Court on a post-judgment motion to compel by the Plaintiff. (Doc. 13). Defendant has not responded to the motion. The motion has been referred to the undersigned Magistrate Judge for disposition.

Plaintiff initiated this action on November 2, 2011, by filing a complaint against Defendant for violations of the Carmack Amendment[1] and breach of contract. (Doc. 1). The complaint alleges that Defendant failed to deliver a refrigerated shipment of bananas according to the agreed contract, resulting in customer losses of approximately $14,000. (Doc. 1). Despite proper service, Defendant failed to file an answer to the complaint or file any appropriate motions by the required deadline of December 8, 2011. *Id.* The Clerk of Courts entered the default on December 20, 2011. (Doc. 9). Thereafter, on February 22, 2012, the Court granted Plaintiff's motion for default judgment and entered judgment in favor of Plaintiff in the amount of $14,626, plus pre-judgment interest for a final judgment of $14,900.09, plus post-judgment interest and costs. (Doc. 11).

---

[1] The Carmack Amendment is a federal law that guarantees the rights and remedies of interstate carriers and shippers. *See* 49 U.S.C.A. § 14706(d).

-1-

-2-

Plaintiff's instant motion seeks responses to its First Set of Interrogatories and First Requests for Production on documents served on Defendant on February 27, 2012. (Doc. 13 at 2). On April 5, 2012, after Defendant did not timely respond to the discovery requests, Plaintiff sent a letter to Defendant inquiring about the overdue responses. (Doc. 13 at 2). The letter also informed Defendant that Plaintiff would file a motion to compel if a response was not received by April 23, 2012. *Id.* To date, Defendant has failed to respond to the initial complaint, Plaintiff's discovery requests, and Plaintiff's motion for default judgment.

Pursuant to Federal Rules of Civil Procedure 69(a), a judgment creditor may obtain post-judgment discovery pursuant to either the procedures set forth in the federal rules of civil procedure or under state practice. Thus, post-judgment discovery may be utilized to obtain information on the "existence or transfer of the judgment debtor's assets." *See Aetna Group USA, Inc. v. AIDCO Int'l, Inc.*, 1:11-MC-023, 2011 WL 2295137 (S.D. Ohio June 8, 2011) (citing *British Intern. Ins. Co., Ltd. v. Seguros La Republica, S.A.,* 200 F.R.D. 586, 589 (W.D.Tex.2000) (citation omitted).

Accordingly, for good cause shown, Plaintiff's unopposed post-judgment motion to compel (Doc. 13) is **GRANTED**. Defendant is **ORDERED** to submit responses to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents within **FIFTEEN DAYS** of issuance of this Order. Defendant's failure to respond satisfactorily to this Order may result in monetary sanctions, including payment of Plaintiff's reasonable attorney's fees and costs that Plaintiff incurred as a result of filing its motion to compel.

**IT IS SO ORDERED**

-3-

 s/ Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge